**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000110
31-AUG-2011
09:01 AM**

NO. CAAP-10-0000110

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v.
DIANE S. SIANGCO, Defendant-Appellant,

and

JOHN DOES 1-50; and JANE DOES 1-50,
Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CV. NO. 10-1-2075)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard, J.;
with Reifurth, J., concurring separately)

Defendant-Appellant Diane S. Siangco (Siangco) appeals from the October 18, 2010, Judgment for Possession entered in favor of Plaintiff-Appellee Federal National Mortgage Association (FNMA) that was filed in the District Court of the Second Circuit (District Court).[1]  We affirm.

I.

On August 12, 2010, FNMA filed a first amended verified complaint for ejectment against Siangco.  FNMA alleged that it was the fee simple owner of the subject property by virtue of a

---

[1] The Honorable Kelsey T. Kawano presided.

non-judicial foreclosure sale held on August 26, 2009, and the subsequent recording on March 10, 2010, of a "Mortgagee's Quitclaim Deed Pursuant to Power of Sale," which identified FNMA as the "Grantee." The complaint asserted that Siangco was wrongfully occupying the subject property without FNMA's consent or permission and despite written notice to vacate. FNMA prayed for a Judgment for Possession and Writ of Possession.

On September 28, 2010, the District Court entered its: (1) "Order Granting Plaintiff Federal National Mortgage Association's Motion for Summary Judgment for Ejectment and Writ of Possession" (Order Granting FNMA's MSJ); and (2) "Order Denying Motion for Summary Judgment of Defendant Siangco" (Order Denying Siangco's MSJ). On October 18, 2010, the District Court entered the Judgment for Possession and a Writ of Possession in favor of FNMA.

II.

Siangco's principal argument on appeal is that the District Court erred in issuing the Order Granting FNMA's MSJ, the Order Denying Siangco's MSJ, the Judgment for Possession, and the Writ of Possession because FNMA lacked standing to bring the ejectment action. Siangco claims that FNMA lacked standing because the underlying non-judicial foreclosure sale from which FNMA derives its interest in the subject property was invalid on the ground that the mortgagee, who was the successful bidder, made a credit bid rather than a downpayment. Siangco also argues that the District Court erred in issuing the Order Granting FNMA's MSJ because there were genuine issues of material fact that preclude summary judgment.

We resolve Siangco's arguments as follows:

1. We reject Siangco's argument that the underlying non-judicial foreclosure sale was invalid because the successful mortgagee bidder made a credit bid rather than a downpayment. Siangco's argument that the successful bidder was required to

make a downpayment is based on Hawaii Revised Statutes (HRS) § 667-5.7 (Supp. 2010), which provides:

> At any public sale pursuant to section 667-5, the successful bidder at the public sale, as the purchaser, shall not be required to make a downpayment to the foreclosing mortgagee of more than ten percent of the highest successful bid price.

Siangco interprets this language as requiring that the successful bidder make a downpayment.

However, the plain language of the statute refutes Siangco's interpretation. The statue provides that "the successful bidder . . . <u>shall not be required to make a downpayment</u> . . . of more than ten percent of the highest successful bid price." HRS § 667-5.7 (emphasis added). By its clear terms, HRS § 667-5.7 simply imposes a limitation on the downpayment that can be demanded; it does not require that the successful bidder make a downpayment or preclude the mortgagee from making a credit bid.

Our conclusion is supported by <u>Angel v. BAC Home Loans Servicing, LP</u>, Civ. No. 10-00240 HG-BMK, 2011 WL 1230413 (D. Haw. March 30, 2011). In <u>Angel</u>, the United States District Court for the District of Hawai'i similarly held that "HRS § 667-5.7 sets a ceiling on the amount a bidder may be required to pay as a downpayment, but it does not impose a requirement that a downpayment be made or otherwise prohibit credit bids." <u>Id.</u>, 2011 WL 1230413, at *5. Because HRS § 667-5.7 does not require that a successful mortgagee bidder make a downpayment for a non-judicial foreclosure sale to be valid, Siangco's contention that FNMA lacked standing to bring the ejectment action is without merit.

2. We reject Siangco's contention that her declaration in opposition to FNMA's motion for summary judgment raised genuine issues of material fact that precluded summary judgment. Siangco's declaration did not raise any valid defenses to FNMA's motion for summary judgment. Accordingly, the District Court did not err in determining that there were no genuine

3

issues of material fact and that FNMA was entitled to judgment as a matter of law.

III.

We affirm the Judgment for Possession and the Writ of Possession that were filed by the District Court on October 18, 2010.

DATED: Honolulu, Hawai'i, August 31, 2011.

On the briefs:

Keoni K . Agard
Dexter K. Kaiama
(Agard & Kaiama, LLC)
for Defendant-Appellant

Peter T. Stone
Charles R. Prather
Sofia M. Hirosane
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge